UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RONALD G. HIBLER                    )
                                    )
v.                                  )    NO. 3:14-0210
                                    )    JUDGE CAMPBELL
ABC TECHNOLOGIES, INC.              )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 15). For the reasons stated herein, Defendant's Motion is GRANTED.

FACTS

Plaintiff is a former employee of Defendant who brings this lawsuit pursuant to the Americans with Disabilities Act ("ADA"), as amended, and the Family and Medical Leave Act ("FMLA"). Plaintiff's Complaint alleges that Defendant is a company which engages in the design, manufacture and assembly of blow molded parts for the automotive industry. Plaintiff contends that he injured his shoulder at work in February of 2012 and, about a week later, was placed on work restrictions by his physician, Dr. Motz. On March 27, 2012, Plaintiff had surgery on his shoulder. At the time of his injury, Plaintiff was a "Set Up" team member. The Set Up employees changed out and set up the necessary molds prior to each day's production run.

Plaintiff does not dispute that, after his surgery, he received restrictions from his doctor and was placed in various light-duty jobs to accommodate those restrictions. For example, in August of 2012, approximately four months after his surgery, Plaintiff was placed in a light-duty position, repairing plastic containers. Plaintiff claims that this new position was easier on his shoulder and that he understood his placement in this position to be permanent. Plaintiff contends that he advised

Dr. Motz of his new position and, based on that new position, Dr. Motz released Plaintiff to work with no restrictions.

Plaintiff alleges that three days after he was released by Dr. Motz, Defendant moved Plaintiff from the new position back to "Set-Up." Defendant avers that it returned Plaintiff to his regular position because Plaintiff presented Defendant with a doctor's note fully releasing him from his restrictions.

Plaintiff avers that he was fired in October 19, 2012, allegedly for violation of Defendant's attendance policy; in other words, for absenteeism. Plaintiff argues that the real reason for his firing was discrimination in violation of the ADA and the FMLA. (Plaintiff has represented that he is not pursuing a retaliation claim under either statute.)

Defendant has moved for summary judgment, asserting that Plaintiff was not disabled or regarded as disabled during his employment with Defendant; that Plaintiff was reasonably accommodated when he was on light duty restrictions; that when Plaintiff was released from those restrictions, he was placed back into his regular job; that Plaintiff was fired for a legitimate, nondiscriminatory reason, violation of Defendant's attendance policy; and that Plaintiff was not eligible for FMLA leave.

SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material

facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## AMERICANS WITH DISABILITIES ACT

Discrimination

The ADA prohibits employment discrimination "against a qualified individual with a disability." 42 U.S.C. § 12112(a). In order to establish a violation of the ADA, a person must establish that: (1) he has a disability, as defined in the ADA; (2) he is qualified to perform the essential functions of the position, with or without reasonable accommodation; and (3) he suffered an adverse employment action because of his disability. *Demyanovich Cadon Plating & Coatings, LLC*, 747 F.3d 419, 433 (6th Cir. 2014). The ADA bars discrimination "because of" an employee's disability, meaning that it prohibits discrimination that is a "but-for" cause of the adverse employment action. *Lewis v. Humboldt Acquisition Corp., Inc.*, 681 F.3d 312, 314 (6th Cir. 2012).

3

Thus, in order to proceed with his claims under the ADA, Plaintiff must meet the threshold burden of showing that he is a "disabled" individual within the meaning of the ADA. If Plaintiff has no "disability," then Defendant cannot be liable for discrimination or failure to accommodate because of it.

Under the ADA, a "disability" is defined in three ways: (A) a physical or mental impairment that substantially limits one or more of the major life activities of an individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. 42 U.S.C. § 12102(1). For purposes of this definition, "major life activities" include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working. 42 U.S.C. § 12102(2).

The 2008 Amendments to the ADA broadened the scope of impairments that qualify as disabilities, but not every impairment, illness or injury will constitute a disability. Under the Amendments, the definition of "disability" must be construed in favor of broad coverage of individuals under the ADA. Nonetheless, "[t]he ADA is not a general protection for medically afflicted persons." *Evola v. City of Franklin, Tenn.*, 18 F.Supp.3d 935, 945 (M.D. Tenn. 2014).

Plaintiff's Complaint alleges that Plaintiff is an individual with a disability who, with reasonable accommodation, could have performed the essential functions of his job. The Complaint also alleges that Defendant regarded Plaintiff as having a disability. Defendant argues that Plaintiff was neither disabled, as that term is defined in the ADA, nor regarded as disabled by his employer. Defendant acknowledges that Plaintiff suffered a physical impairment temporarily as a result of his

shoulder injury. Defendant contends, however, that Plaintiff has not shown that his impairment substantially limited the major life activity of working.

After the 2008 Amendments to the ADA, a "substantial limitation" need not prevent or severely restrict an individual from performing a major life activity. *Sapp v. Western Express, Inc.* 2014 WL 7357379 at * 6 (M.D. Tenn. Dec. 23, 2014) (citing 29 C.F.R. § 16390.2(j)). However, not every impairment constitutes a disability within the meaning of the ADA - the Amendments retained the requirement that the "substantially limits" standard demands a marked functional limitation compared to most people in the general population. *Id.*

Plaintiff argues that he was disabled as a result of the work-related injury to his shoulder. He asserts that the inability to lift his right arm without being in excruciating pain substantially limited a major life activity, all manual tasks. Plaintiff also contends that he was "a qualified individual" because he could perform the essential functions of his job with a reasonable accommodation.

Defendant argues that Plaintiff has offered no evidence that he was unable to work with temporary restrictions. After Plaintiff came back to work following his surgery, he was placed into light-duty jobs, with restrictions, and, in August, into a job in which he could work without limitation. Moreover, although his physician issued specific restrictions for Plaintiff's work at various times after his shoulder injury, Dr. Motz never said that Plaintiff could not work at all.

Even if the Court assumes, under the expansion definition of "disability," that Plaintiff was disabled, the ultimate burden of persuading the trier of fact that Defendant intentionally discriminated against him remains at all times with Plaintiff. If Plaintiff establishes his *prima facie* case, then the burden shifts to the Defendant to offer a legitimate, nondiscriminatory reason for its adverse action. *Sjostrand v. Ohio State University*, 750 F.3d 596, 599 (6th Cir. 2014). If the

Defendant makes this showing, which is a burden of production, not persuasion, the Plaintiff must then present evidence allowing a jury to find that the Defendant's explanation is a pretext for unlawful discrimination. *Id.*

Defendant has articulated a legitimate, nondiscriminatory reason for its action in firing Plaintiff: absenteeism in violation of Defendant's attendance policy. Under Defendant's attendance policy, employees are issued "points" for tardiness, early departure, and unexcused absences from work. The only excused absences are absences related to a work injury, jury duty, funeral leave, military leave, court subpoena, approved vacation, and approved FMLA leave. Employees are required to provide supporting documentation in order for the absence to be excused. If an employee accumulates 8 or more points in a 12-month period, he or she is fired. Plaintiff does not dispute that by October 2012, he had accumulated at least 8.5 points under Defendant's no-fault attendance policy over the previous 12-month period.

Plaintiff has admitted that supporting documentation is necessary for all excused absences and yet he states that he was not aware that he needed a doctor's note to receive an excused absence due to a work-related injury. Plaintiff does not dispute that he remained out of work from March 27 to April 23, following his surgery, and that he provided notes from Dr. Motz for those days and did not receive any points for those absences. Plaintiff further admits that Defendant granted Plaintiff this time off without incurring any points and returned him to work consistent with his restrictions after he was released to work. Docket No. 26, ¶¶ 32-33. Plaintiff also admits there were additional times when he was absent or tardy without a doctor's note.

Plaintiff argues that Defendant inconsistently applied its point system under the attendance policy and should have afforded him leniency. Yet he has admitted that the way in which Defendant

counted points against Plaintiff for tardiness and absences was the same way Defendant counted points against its other employees. Docket No. 26, ¶ 45. He has admitted that he is not aware of any other of Defendant's employees who was afforded the leniency he is requesting. *Id*., ¶ 46. Plaintiff does not dispute that he had a total of 53 days off work which were considered excused absences because of his shoulder injury.

Plaintiff argues that there is a "possibility" that some of the points applied to him were erroneously applied. A plaintiff cannot establish pretext so long as the employer made a reasonably informed and considered decision before taking the adverse employment action. *Foster v. Spring Meadows Healthcare Center, LLC*, 2013 WL 829363 at * 10 (M.D. Tenn. March 6, 2013) (*citing Smith v. Chrysler Corp.*, 155 F.3d 799, 807 (6th Cir. 1998)). Where the employer can demonstrate an honest belief in its proffered reason, an inference of pretext is not warranted. *Seeger v. Cincinnati Bell Telephone Co., LLC*, 681 F.3d 274, 285 (6th Cir. 2012). An employer's proffered reason is considered honestly held where the employer can establish it reasonably relied upon the particularized facts that were before it at the time the decision was made. *Id*. A plaintiff is required to show more than a dispute over the facts upon which the decision was based. *Id*.

Defendant is not required to suspend its disciplinary procedures for absences just for Plaintiff or to allow Plaintiff to be absent more often than other employees are allowed to be absent. *Joyner v. BellSouth Telecommunications, LLC*, 2015 WL 328206 at * 7 (M.D. Tenn. Jan. 23, 2015). It is not illegal to fire someone because of his absences, unless that firing otherwise violates the law. Plaintiff has admitted he was given written warning of his accumulating absences five months before he was fired. Plaintiff has not shown that Defendant's decision to fire him was not reasonably informed and considered. The Court finds that Plaintiff has not shown that Defendant's legitimate,

7

nondiscriminatory reason for its decision - - Plaintiff's attendance record - - - was pretext for disability discrimination.

Failure to Accommodate

Plaintiff also contends that Defendant violated the ADA by failing reasonably to accommodate his disability. Because many disabled individuals require accommodations to perform their jobs, the ADA requires employers to make "reasonable accommodations" to the known limitations of an otherwise qualified individual with a disability where such an accommodation does not cause the employer "undue hardship." 42 U.S.C. § 12112(b)(5); *Equal Employment Opportunity Comm'n v. Ford Motor Co.,* __ F.3d __, 2015 WL 1600305 (6th Cir. April 10, 2015). To be "qualified" under the ADA, a person must be able to perform the essential functions of his job with or without reasonable accommodation. *Id*.

Plaintiff is not arguing that it would have been a reasonable accommodation to excuse his attendance points. Plaintiff claims he needed light-duty work because of his work-related injury and work limitations from his doctor. There is no dispute that Defendant granted Plaintiff time off following his surgery and returned him to work consistent with his restrictions after he was released to work.

Plaintiff has agreed that Defendant complied with his doctor's restrictions except when he had to change a ceiling tile, which required him to work overhead, and when he had to weld, which required two hands. (Plaintiff testified, however, that he does not recall doing any welding while he was on restrictions not to use his right arm.) Plaintiff does not dispute that he was placed in light-duty jobs between the time of his surgery and the date Dr. Motz released him to return to work with no restrictions. Plaintiff complains, however, that Defendant moved him back to his original Set Up

8

position once Dr. Motz had released him to full duty with no restrictions. Plaintiff does not dispute that Defendant relied on the doctor's note releasing him to full duty and that he accepted the return to Set Up and did not tell any manager that he did not want to return to that job. Docket No. 26, ¶¶ 6-7.

Plaintiff argues that Dr. Motz's release was based upon Plaintiff's working in the plastic container, light-duty job. But Dr. Motz's note contained no such restriction or condition. In light of this note, which stated that Plaintiff could return to full duty without restriction, Defendant was obligated under the ADA to treat Plaintiff as any other employee with no restrictions.

For these reasons, the Court finds that Defendant provided reasonable accommodations for Plaintiff's injury for so long as Plaintiff's doctor restricted Plaintiff's ability to work. Accordingly, Defendant's Motion for Summary Judgment with regard to Plaintiff's ADA claims is granted, and those claims are dismissed.

## FAMILY AND MEDICAL LEAVE ACT

The FMLA entitles eligible employees to take up to twelve weeks of leave during any twelve month period because of a "serious health condition" that makes the employee unable to perform the functions of his job. 29 U.S.C. § 2612(a)(1)(D). A "serious health condition" is an illness, injury, impairment, or physical or mental condition that involves (A) inpatient care in a hospital, hospice or residential medical care facility; or (B) continuing treatment by a health care provider. 29 U.S.C. § 2611(11). The FMLA recognizes two types of claims: interference claims, in which employers burden or outright deny substantive statutory rights to which their employees are entitled; and retaliation claims, in which employers initiate adverse employment actions against employees

9

for exercising their FMLA rights to take leave. *Romans v. Michigan Dept. of Human Servs.*, 668 F.3d 826, 840 (6th Cir. 2012).

Thus, an employer violates the FMLA when it interferes with, restrains, or denies the exercise of an employee's FMLA rights or the employee's attempt to exercise such rights. *Demyanovich*, 747 F.3d at 427. To establish a *prima facie* case of FMLA interference, Plaintiff must show that (1) he was an eligible employee; (2) Defendant was a covered employer; (3) he was entitled to take leave under the FMLA; (4) he notified Defendant of his intent to take leave; and (5) Defendant denied him the benefits or rights to which he was entitled under the FMLA. *Demyanovich*, 747 F.3d at 427. Interference with an employee's FMLA rights does not constitute a violation if the employer has a legitimate reason unrelated to the exercise of FMLA rights for engaging in the challenged conduct. *Id.* at 431.

Count Two of Plaintiff's Complaint, for violations of the Family and Medical Leave Act, states simply: "Plaintiff alleges that the intentional acts and omissions as described herein by the Defendant constitute violations of the Family Medical Leave Act." In response to Defendant's Motion, Plaintiff argues that he was entitled to FMLA leave on the days he had unexcused absences and that he was never formally offered FMLA.

Defendant contends that Plaintiff has not shown that his "serious health condition" made him unable to perform the functions of his job. 29 U.S.C. § 2612(a)(1)(D). Indeed, Dr. Motz placed restrictions on Plaintiff's ability to do his job, but he never said that Plaintiff was unable to perform the functions of his job. In fact, Plaintiff's Complaint clearly states that "Plaintiff is an individual with a disability who, with reasonable accommodation, could have performed the essential functions of his former position with Defendant employer."

Therefore, Plaintiff has not shown that he was entitled to leave under the FMLA. Defendant's Motion for Summary Judgment on Plaintiff's FMLA claim is granted, and that claim is dismissed.

## CONCLUSION

For all these reasons, Defendant's Motion for Summary Judgment (Docket No. 15) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE